EDWARD M. MCDONALD JR., Attorney
State Bar #NY 4126009
*edward.m.mcdonald@usdoj.gov*
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600 Attorney Ext. 234
Facsimile:  (702) 388-6658

Attorney for the Acting United States Trustee
        AUGUST B. LANDIS

E-Filed on July 22, 2011

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

In re:

**KATN LIVING TRUST,**


                                    Debtor.

CASE NO:  BK-**S-11-19669-MKN**

Date:    August 24, 2011
Time:    9:30 a.m.
Place:   Foley Courtroom 2 (third floor)
         300 Las Vegas Blvd., South
         Las Vegas, NV 89101
Objection Deadline: August 10, 2011

## NOTICE OF HEARING ON THE ACTING UNITED STATES TRUSTEE'S MOTION TO DISMISS DEBTOR'S BANKRUPTCY CASE PURSUANT TO 11 U.S.C. § 1112 (b)

**PLEASE TAKE NOTICE** that on the above-stated date and time, United States

Bankruptcy Court at the Foley Federal Building, 300 Las Vegas Boulevard South, Third Floor,

Courtroom #2, Las Vegas, Nevada  89101, will entertain the *Acting United States Trustee's*

*Motion To Dismiss Debtor's Bankruptcy Case Pursuant To 11 U.S.C. § 1112 (b).*  That motion

seeks dismissal of the captioned debtor's bankruptcy case pursuant to section 1112(b)(1) of title

11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code").

Oppositions to the motion, if any, must be filed and service must be completed on the

Acting United States Trustee no later than 14 days before the hearing date on the motion.  The objection deadline for the motion is, therefore, **August 10, 2011.**  The opposition must set forth all relevant facts and any relevant legal authority.  To the extent an opposition raises a question of fact for resolution by court or includes documents exhibits, such an opposition must be supported by affidavit or declaration that conforms to the provisions of LR 9014(c).

The opposition must be served upon the United States Trustee at 300 Las Vegas Boulevard South, Suite 4300, Las Vegas, Nevada  89101.  A copy of the motion may be obtained by requesting a copy in writing from the Office of the United States Trustee at the same address.

---

If you object to the relief requested, you *must* file a **WRITTEN** response to this pleading with the court.  You *must* also serve your written response on the person who sent you this notice.

If you do not file a written response with the court, or if you do not serve your written response on the person who sent you this notice, then:

- The court may *refuse to allow you to speak* at the scheduled hearing; and
- The court may *rule against you* without formally calling the matter at the hearing.

---

Dated:  July 22, 2011

Respectfully submitted,

**AUGUST B. LANDIS**
**ACTING UNITED STATES TRUSTEE**
**REGION 17**

By:  */s/ Edward M. McDonald Jr.*
      Edward M. McDonald Jr., Esq.
      United States Department of Justice
      Attorney for the Acting United States Trustee

# CERTIFICATE OF MAILING

I served, by depositing in the U.S. Mail, postage fully prepaid, envelopes containing a true and correct copy of this Notice with the Acting United States Trustee's Motion To Dismiss Debtor's Bankruptcy Case Pursuant To 11 U.S.C. § 1112 (b) and the proposed form of order to:

Nevada Department of Taxation,
Bankruptcy Section
555 E. Washington Ave., #1300
Las Vegas, NV 89101

Clark County Treasurer
C/o Bankruptcy Clerk
500 S Grand Central Pkwy, Box 551220
Las Vegas, NV 89155-1220

Dept. of Employment, Training & Rehab
Employment Security Division
500 East Third Street
Carson City, NV 89713

State of Nevada Dept. of Motor Vehicles
Attn: Legal Division
555 Wright Way
Carson City, Nevada 89711

Clark County Assessor
c/o Bankruptcy Clerk
500 S Grand Central Pkwy, Box 551401
Las Vegas, NV 89155-1401

United States Attorney's Office
ATTN: Civil Process Clerk
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, NV 89101

Franchise Tax Board
Bankruptcy Section, MS A340
P.O. Box 2952
Sacramento, CA 95812-2952

Texas Workforce Commission
Regulatory Integrity Division - SAU
Room 556
101 E. 15th Street
Austin, TX 78778-0001

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Massachusetts Department of Revenue
Bankruptcy Unit
P.O. Box 9564
100 Cambridge Street, 7th Floor
Boston, MA 02114-9564

California State Board of Equalization
Account Information Group, MIC: 29
P.O. Box 942879
Sacramento, CA 94279-0029

California State Board of Equalization
Special Operations Bankruptcy Team, MIC: 74
P.O. Box 942879
Sacramento, CA 94279-0074

KATN LIVING TRUST
Attn: Alan David Tikal or Officer,
Director, or Managing Member
P.O. BOX 80275
LAS VEGAS, NV 89180

Alan David Tikal
7313 Buttons Ridge Dr.
LAS VEGAS, NV 89131

Tamara T. Silva
7313 Buttons Ridge Dr.
LAS VEGAS, NV 89131

Gregory L. Wilde, Esq.
TIFFANY & BOSCO, P.A.
212 South Jones Boulevard
Las Vegas, Nevada 89107

Stephanie L. Cooper, Esq.
THE COOPER CASTLE LAW FIRM
820 South Valley View Blvd.
Las Vegas, NV 89107

1    Ace Van Patten, Esq.
     PITE DUNCAN, LLP
2    4375 Jutland Drive, Suite 200
     P.O. Box 17933
3    San Diego, CA 92177-0933

4

5

6

7    I declare under penalty of perjury that the foregoing is true and correct.

8         Dated:  July 22, 2011

9                                    **AUGUST B. LANDIS**
                                     **ACTING UNITED STATES TRUSTEE**
10                                   **REGION 17**

11                                   By:  */s/ Edward M. McDonald Jr.*
                                         Edward M. McDonald Jr., Esq.
12                                       Attorney for the Acting United States Trustee
                                         United States Department of Justice
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EDWARD M. MCDONALD JR., Trial Attorney
State Bar # NY 4126009
*edward.m.mcdonald@usdoj.gov*
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600 Attorney Ext. 234
Facsimile: (702) 388-6658

Attorney for the Acting United States Trustee
        AUGUST B. LANDIS

E-Filed on July 22, 2011

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

**KATN LIVING TRUST,**



                                Debtor.

CASE NO: BK-**S-11-19669-MKN**

Chapter 11

Date: August 24, 2011
Time: 9:30 a.m. (PT)
Place:  Foley Courtroom 2 (third floor)

# THE ACTING UNITED STATES TRUSTEE'S MOTION
# TO DISMISS DEBTOR'S BANKRUPTCY CASE
# PURSUANT TO 11 U.S.C. § 1112 (b)

To the Honorable MIKE K. NAKAGAWA, Chief United States Bankruptcy Judge:

The Acting United States Trustee seeks dismissal of the bankruptcy case filed by debtor KATN Living Trust ("Debtor") under chapter 11 of the United States Bankruptcy Code.[1]  Cause exists for dismissal of Debtor's case pursuant to 11 U.S.C. § 1112(b)(4).  Dismissal is therefore required under 11 U.S.C. § 1112(b)(1).

The record before the Court does not appear to support any qualification of, or statutory

---

[1]     11 U.S.C. §§ 101-1532 (as amended).  The word "Code" as used in this motion refers to the United States Bankruptcy Code.  The word "section" refers to the corresponding section of the Code unless otherwise noted.

defense to, the remedy of dismissal pursuant to sections 1112(b)(1)-(2) of the Code. Section 1112( c ) of the Code is not relevant here, as the Acting United States Trustee seeks dismissal, not conversion, of Debtor's bankruptcy case. The Acting United States Trustee therefore respectfully requests that the Court enter an order granting this motion, and dismissing Debtor's chapter 11 bankruptcy case.

The Acting United States Trustee requests that the Court take judicial notice of the pleadings and documents filed in this bankruptcy case pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 201. To the extent that this motion contains factual assertions predicated upon statements made by Debtor or its agents in documents filed by Debtor in this bankruptcy case, at the 341 meeting of creditors, or in documents provided to the Office of the United States Trustee by Debtor or its agents, the Acting United States Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 801(d)(2).

This motion is supported by the documents comprising the official court docket, the following memorandum of points and authorities, and any argument the Court may permit at the related hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### FACTS.

1. On or about June 20, 2011, Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of the Code. [Docket No. 1]

2. Debtor's petition shows that debtor is a "living trust." [*See* Docket No. 1, p. 1 of 42]

3. On June 17, 2011, Alan David Tikal as the trustor and trustee authorized the filing of this bankruptcy case on behalf of KATN Revocable Living Trust of March 20, 2010. [*See* Docket No. 1, p. 37 of 42]

4. Debtor's Schedules indicate that it holds no real property and has no secured or unsecured non-priority debts. [*See* Docket No. 1, pp. 6, 18 & 22 of 42 (Schedules A, D & F)] Debtor lists $202,500.00 in unsecured priority claims owed for "Services Rendered" to ten

individuals.  [*See* Docket No. 1, pp. 19-21 of 42 (Schedule E)] Debtor filed an amended

Schedule B on July 5, 2011, which lists $2,960,605.51 in personal property consisting of eleven

promissory notes in eleven properties in California.  [*See* Docket No. 9, pp. 3 & 5 of 5][2]

5.  Debtor asserts on its petition that it is not represented by an attorney [*See* Docket No.

1 p. 3 of 42] A review of the docket indicates that Debtor has not subsequently retained counsel.

[*See* Case Docket]

6.  The Office of the United States Trustee has been unable to meet with Debtor's

representative for an initial debtor interview or to examine Debtor's representative at the 341

meeting of creditors on July 21, 2011.  [*See* Docket No. 2]

<u>JURISDICTION AND VENUE</u>

7.  The Bankruptcy Court has original and exclusive jurisdiction over Debtor's

bankruptcy case pursuant to 28 U.S.C. § 1334(a). The Bankruptcy Court also has subject matter

jurisdiction to adjudicate the contested matter presented by this motion pursuant to 28 U.S.C. §

1334(b) as the relief sought under section 1112(b)(1) of the Code constitutes a civil proceeding

arising under the Code.

8. Adjudication of this motion constitutes a core proceeding under 28 U.S.C. §

157(b)(2)(A) and (O). The filing of a motion pursuant to Bankruptcy Rule 1017(f)(1) initiates a

contested matter governed by Bankruptcy Rule 9014.

9. Venue of Debtor's bankruptcy case and the contested matter presented by this motion

is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

10. The Acting United States Trustee has standing to prosecute this motion pursuant to

sections 307 and 1112 of the Code and Bankruptcy Rules 1017 and 9014. *See Stanley v.*

*McCormick, Barstow, Sheppard, Wayte & Carruth (In re Donovan Corp.)*, 215 F.3d 929, 930

(9th Cir. 2000) (stating that "The United States Trustee may be heard on any issue in any case or

proceeding under title 11."). The Acting United States Trustee brings this motion as a result of

---

[2]     The original Schedule B listed $50,281,905.57 in promissory notes in 443
properties in five states: 405 in California, 20 in Wisconsin, 8 in Washington, 7 in
Florida, and 3 in Arizona.

1  monitoring bankruptcy cases under chapter 11 of the Code pursuant to 28 U.S.C. § 586(a)(3).

2  <u>SUMMARY OF ARGUMENT</u>

3  11.  Cause exists to dismiss Debtor's bankruptcy case under 11 U.S.C. § 1112(b)(1).  The

4  Acting United States Trustee respectfully submits that cause has been established because

5  Debtor is either (A) a non-business or personal trust and therefore excluded from being eligible

6  for bankruptcy protection; or, (B) Debtor is a business trust that is appearing *pro se*.  Because

7  Debtor has failed to secure counsel for more than a month since this case commenced Debtor has

8  failed to expeditiously prosecute this case.   Thus, the relief requested in the motion should be

9  granted, and Debtor's bankruptcy case should be dismissed.

10  12.  The discussion that follows will begin by addressing the statutory standard for

11  dismissal under sections 1112(b)(1) and 1112(b)(4) of the Code.  Then, this motion will discuss

12  briefly the qualifications or statutory defenses set forth in sections 1112(b)(1), (b)(2) and ( c) to

13  the relief requested in this motion and argues against the application of any such qualifications or

14  defenses here.

15  13.  This motion will also demonstrate that neither of the alternative forms of relief

16  expressly set forth in 11 U.S.C. § 1104(a), and potentially available here by express reference to

17  that statutory provision in section 1112(b)(1) of the Code is in the best interests of Debtor's

18  estate or Debtor's creditors.  An order directing the appointment of an examiner here is not

19  appropriate because Debtor is either not properly in bankruptcy at all or cannot appear *pro se*.

20  14.  In addition, the appointment of a chapter 11 trustee pursuant to 11 U.S.C. § 1104(a)

21  does not appear to be appropriate because there does not appear to be sufficient evidence to

22  suggest that Debtor's reorganization is feasible.  Conversion of Debtor's bankruptcy case to

23  chapter 7 does not appear to be an optimal remedy, either, because it is unclear what assets exist

24  for a Chapter 7 trustee to administer.  Debtor holds a number of promissory notes but it is not

25  clear that the notes generate periodic payments, that the underlying collateral can be foreclosed

26  upon, or that there are not senior claimants to the underlying collateral.  [*See* Docket No. 1]

27  15.  The Acting United States Trustee respectfully submits that this motion shows by a

28  preponderance of the evidence that dismissal of Debtor's bankruptcy case is the appropriate

remedy here.  Therefore, the Court should grant the relief requested in this motion, and order

dismissal of Debtor's bankruptcy case pursuant to 11 U.S.C. § 1112(b)(1).

ARGUMENT

***Cause for dismissal of Debtor's bankruptcy case exists within the meaning of 11 U.S.C. §§ 1112(b)(1) and (4).***

16.  By its terms, section 1112(b)(1) requires, subject to the statutory qualifications or

defenses set forth in that section, as well as sections 1112(b)(2), 1112( c) and 1104(a) of the

Code, either conversion of Debtor's bankruptcy case to a case under chapter 7 of the Code, or

dismissal of Debtor's bankruptcy case upon the establishment of cause.  The correct remedy is

determined by reference to the best interests of both Debtor's creditors and Debtor's estate.  11

U.S.C. § 1112(b)(1).

17.  The Acting United States Trustee submits dismissal of Debtor's case is the more

appropriate of these remedies.  The Acting United States Trustee, however, does not have any

objection to Debtor's case being converted to a case under chapter 7 of the Code if the

Bankruptcy Court ultimately determines that such relief, as opposed to the remedy of dismissal

requested in this motion, is in the best interests of Debtor's creditors and Debtor's bankruptcy

estate.

***Statutory Text Relevant to the Acting United States Trustee's Prima Facie Case***

18.  The text of 11 U.S.C. § 1112(b)(1) provides as follows:

> Except as provided in paragraph (2) and subsection ( c), on
> request of a party in interest, and after notice and a hearing, the
> court shall convert a case under this chapter to a case under chapter
> 7 or dismiss a case under this chapter, whichever is in the best
> interests of creditors and the estate, for cause unless the court
> determines that the appointment under section 1104(a) of a trustee
> or an examiner is in the best interests of creditors and the estate.

19.  By its terms, section 1112(b)(1) of the Code grants any party in interest standing to

seek any of the remedies available under that statutory provision.  11 U.S.C. § 1112(b)(1).

Although not expressly mentioned among the illustrative examples of parties in interest in 11

U.S.C. § 1109(b), the Acting United States Trustee is an appropriate party in interest to seek the

relief requested in this motion.  *See In re South Beach Securities, Inc.*, 606 F.3d 366, 371 (7th

Cir. 2010); 11 U.S.C. § 102(3) (defining the terms include and including as not limiting; 11 U.S.C. § 1109(b) (setting forth an illustrative list of examples of parties in interest preceded by the defined term "includes"); 11 U.S.C. § 307 (granting the Acting United States Trustee statutory standing to raise and appear and be heard on any issue arising under title 11).

20.  As this motion is presented to the Court for a hearing on notice to Debtor's identified creditors, the statutory requirements of notice and a hearing have been satisfied here. *See* 11 U.S.C. § 102(1); FED. R. BANKR. P. 2002(a)(4).

21.  Unless the exceptions set forth in 11 U.S.C. §§ 1112(b)(1), (b)(2), ( c) or 1104(a) apply, establishment of cause under 11 U.S.C. § 1112(b)(4) requires dismissal of Debtor's chapter 11 case or its conversion of Debtor's case to a case under chapter 7 of the Code under the express terms of section 1112(b)(1) of the Code.  11 U.S.C. § 1112(b)(1) (including the mandatory auxiliary verb "shall" prior to the statute's discussion of conversion or dismissal remedies).

22.  Section 1112(b)(4) of the Code defines cause, for purposes of section 1112(b)(1) of the Code, as follows:

> For purposes of this subsection, the term 'cause' includes--
>
> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>
> (B) gross mismanagement of the estate;
>
> ( C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
>
> (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
>
> (E) failure to comply with an order of the court;
>
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
>
> (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
>
> (H) failure timely to provide information or attend meetings

1    reasonably requested by the United States trustee (or the
     bankruptcy administrator, if any);

2

3    (I) failure timely to pay taxes owed after the date of the order for
     relief or to file tax returns due after the date of the order for relief;

4    (J) failure to file a disclosure statement, or to file or confirm a plan,
     within the time fixed by this title or by order of the court;

5

6    (K) failure to pay any fees or charges required under chapter 123
     of title 28;

7    (L) revocation of an order of confirmation under section 1144;

8    (M) inability to effectuate substantial consummation of a
     confirmed plan;

9

10   (N) material default by the debtor with respect to a confirmed plan;

11   (O) termination of a confirmed plan by reason of the occurrence of
     a condition specified in the plan; and

12   (P) failure of the debtor to pay any domestic support obligation
     that first becomes payable after the date of the filing of the

13   petition.

14          23.  In light of the statute's use of the term "includes" in the introductory clause of 11

15   U.S.C. § 1112(b)(4) and to avoid interpretations of section 1112(b)(4) of the Code that would

16   render that statutory provision a nullity, the term "and" in section 1112(b)(4) of the Code is

17   properly construed in the disjunctive.  *In re TCR of Denver, LLC*, 338 B.R. 494, 499-501 (Bankr.

18   D. Colo. 2006) (noting that BAPCPA amended 11 U.S.C. § 1112(b) to make it "broader, more

19   strict as to Debtor, and more encompassing" and that construction of the statutory term "and" in

20   the conjunctive would seemingly preclude the application of section 1112(b) to a corporate

21   Debtor due to its apparent inability to be charged with payment of a domestic support

22   obligation); *In re Kane*, 336 B.R. 477, 487 (Bankr. D. Nev. 2006) (explicating the authority of

23   courts to correct "scrivener's error" in instances where the correction to statutory text effected by

24   judicial construction corrects mistakes of legislative expression rather than legislative judgment).

25          24.  The Acting United States Trustee respectfully submits that, as the statutory term

26   "includes" set forth in the introductory clause of section 1112(b)(4) of the Code is not a limiting

27   term, the term "cause" includes other forms of conduct not expressly set forth in section

28   1112(b)(4) of the Code.  *See* 11 U.S.C. § 102(3).

***Shifting Burdens of Proof and Persuasion Under 11 U.S.C. § 1112(b)***

25.  The burden of proof to establish a *prima facie* case of cause belongs here to the Acting United States Trustee as the movant seeking relief under 11 U.S.C. § 1112(b)(1).  *In re Snydor*, 431 B.R. 584, 590-591 (Bankr. D. Md. 2010) (stating that section 1112 of the Code applies a burden shifting approach that assigns to the movant the initial burden of establishing a *prima facie* case of cause for conversion or dismissal of a debtor's chapter 11 bankruptcy case). The burden then shifts to the respondent to establish (a) unusual circumstances establishing that the requested dismissal or conversion is not in the best interests of Debtor's creditors and Debtor's bankruptcy estate, (b) that a chapter 11 plan can be confirmed within the time periods allotted by statute or, as applicable, within a reasonable period of time and ( c) all three elements of the statutory defense set forth in 11 U.S.C. § 1112(b)(2)(B) or (d) the statutory limitation on the remedy of conversion with respect to certain classes of Debtor set forth in 11 U.S.C. § 1112( c). *Id.*  The standard of proof is a preponderance of the evidence standard.  *In re Comscape Telecommunications, Inc.*, 423 B.R. 816, 830 (Bankr. S.D. Ohio 2010).

26.  The Acting United States Trustee respectfully submits that this motion establishes cause by a preponderance of the evidence due to Debtor's status either as a personal or non-business trust that cannot be in bankruptcy or as a business trustee which cannot appear *pro se* and has failed to secured counsel for more than a month, therefore failing to expeditiously prosecute this case.

***Cause also exists to dismiss Debtor's bankruptcy case because either:  (A) Debtor is a personal or non-business trust and was therefore not eligible to file bankruptcy; or, (B) Debtor is a business trust, which cannot appear pro se .***

27.  Section 1112(b)(4)'s use of the term "includes" in the introductory clause indicates that the list of examples of cause is illustrative and inclusive, meaning that the term "cause" includes other forms of conduct not expressly set forth in section 1112(b)(4) of the Code.  *See* 11 U.S.C. § 102(3).

28.  Here, the Acting United States Trustee respectfully submits that "cause" should also include instances where a debtor is a personal trust and is therefore ineligible to file bankruptcy, and/or where a debtor is a business trust and may file bankruptcy but may not appear in a

bankruptcy case without counsel.

29.  Non-business trusts are excluded from being eligible for bankruptcy protection. *Hunt v. TRC Properties (In re Hunt)*, 160 B.R. 131, 134 (B.A.P. 9th Cir. 1993) ("[n]either a non-business trust nor the trustee solely in a representative capacity are persons eligible for [C]hapter 11 protection.").

30.  If Debtor is a non-business or personal trust, Debtor is not eligible to be in bankruptcy.

31.  "[A]ny corporation, partnership, or other business entity, except when acting as a bankruptcy trustee for a corporation or partnership, must be represented by an attorney." L.R. 9010, *see also Rowland v. California Men's Colony*, 506 U.S. 194, 202-03 (1993) (holding that corporations, partnerships, or associations cannot appear in federal court otherwise than through a licensed attorney); *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989) ("The general rule, widely recognized in federal and state courts, is that a corporation can appear only through an attorney."); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

32.  If Debtor is a business trust then Debtor has failed to appear through counsel.  [*See* Case Docket]

33.  Debtor claims it is a trust.  [See Docket No. 1, p. 1 of  42]  Either Debtor is a non-business trust and cannot file bankruptcy, or Debtor is a business trust that has failed to appear through counsel and has failed to expeditiously prosecute its case by securing counsel in a timely manner.  One of these two alternatives is the case.  In either instance cause exists within the meaning of 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4) to dismiss Debtor's case.  The relief requested by this motion should be granted, and Debtor's bankruptcy case should be dismissed.

***If Debtor is a business trust then cause also exists to dismiss Debtor's bankruptcy case due to Debtor's failure to expeditiously prosecute its case.***

34.  If Debtor is a business trust then the Acting United States Trustee respectfully submits that "cause" should also include a debtor's failure to expeditiously prosecute its case. *See In re Van Brunt*, 46 B.R. 29, 30 (Bankr. W.D. Wisc. 1984) (stating "The Chapter 11 debtor is a fiduciary of his creditors...and is obligated to prosecute his bankruptcy proceeding in an

expeditious manner.") (internal citation omitted) (citation omitted).

35.   If Debtor is a business trust it cannot prosecute this case except through an attorney. This case was filed more than a month ago and Debtor has failed to appear through counsel.

36.   Therefore, cause exists within the meaning of 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4) to dismiss Debtor's case on account of Debtor's failure to expeditiously prosecute its case.  The relief requested by this motion should be granted, and Debtor's bankruptcy case should be dismissed.

### *Establishment of cause shifts the burdens of proof and persuasion to the respondent to establish all elements of the statutory defense available under 11 U.S.C. §§ 1112(b)(2).*

37.   The primary statutory defense to the relief requested in this motion is found in section 1112(b)(2) of the Code.  That section requires the Court to either convert Debtor's bankruptcy case to a case under chapter 7 of the Code, or dismiss Debtor's bankruptcy case unless the Debtor establishes, and the Bankruptcy Court specifically identifies, unusual circumstances that would render conversion or dismissal of Debtor's bankruptcy case to not be in the best interest of Debtor's creditors and Debtor's bankruptcy estate.

38.  It is important to note that in assessing any potential defense Debtor or any respondent to the relief requested in this motion may interpose here, courts have held that the statutory requirement of unusual circumstances must be predicated upon facts other than those that generally come to pass in chapter 11 bankruptcy cases.  *See In re Snydor,* 431 B.R. at 591 (stating, "The burden is on respondent to prove unusual circumstances that establish such best interest.  *Such unusual circumstances cannot solely be facts that are common to Chapter 11 cases generally.*") (emphasis added).

39.  The Acting United States Trustee respectfully maintains that the present state of the record does not disclose any unusual circumstances that would counsel against granting the relief requested in this motion.  Therefore, subject to any evidence that may be adduced either by Debtor or a respondent to this motion, there does not appear to be sufficient evidence to support any defense to the relief requested in this motion under the "unusual circumstances" clause found in 11 U.S.C. § 1112(b)(2).  The relief requested in this motion should, therefore, be granted, and

Debtor's bankruptcy case should be dismissed.

40. In addition to the statutory requirement that Debtor establish unusual circumstances within the meaning of 11 U.S.C. § 1112(b)(2), Debtor or another respondent to this motion must establish the requirements set forth in 11 U.S.C. § 1112(b)(2)(A)-(b)(2)(B). Section 1112(b)(2) provides:

> The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, _and_ the debtor or any other party in interest establishes that–
>
> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; _and_
>
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--
>
>> (I) for which there exists a reasonable justification for the act or omission; _and_
>>
>> (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2) (emphasis added).

41. It is important to note that Debtor or any other respondent to this motion must establish each of the statutory elements set forth under 11 U.S.C. § 1112(b)(2) as the statute is written in the conjunctive, and enforcement of section 1112(b)(2) according to its express terms would not yield an absurd result here.

42. Debtor must establish first that a plan can be confirmed within a reasonable period of time. Debtor is either not eligible to be in bankruptcy at all, or cannot proceed except through counsel and has failed to secure an attorney. The Acting United States Trustee respectfully submits that the present state of the record does not support the argument that Debtor can confirm a chapter 11 plan within a reasonable period of time as required by 11 U.S.C. § 1112(b)(2)(A).

43. In addition, Debtor must demonstrate that the relief requested in this motion is not

predicated upon 11 U.S.C. § 1112(b)(4)(A).  Here, the Acting United States Trustee admits that the relief requested in this motion is not predicated upon a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; although, this is due, at least in part, to the fact that no monthly operating reports have yet been filed in this case.

44.  Debtor must also demonstrate a reasonable justification for the acts or omissions that form the factual predicates for the relief requested in this motion.  11 U.S.C. § 1112(b)(2)(B)(I). This statutory requirement stands separate and apart from whether Debtor may be able to cure any of the acts or omissions which form the basis for the relief requested in this motion.  *See* 11 U.S.C. § 1112(b)(2)(B)(ii).

45.  The Acting United States Trustee respectfully submits that in the event that Debtor is even properly in bankruptcy, it is highly unlikely that there exists a reasonable justification for Debtor's failure to timely secure counsel and expeditiously prosecute this case.

46.  The Acting United States Trustee respectfully submits that the present state of the record before the Bankruptcy Court does not support either (a) the existence of unusual circumstances under 11 U.S.C. § 1112(b)(2) that would render the relief requested in this motion inconsistent with the best interests of Debtor's creditors and Debtor's bankruptcy estate; or (b) each of the statutory elements required to establish a defense to this motion under 11 U.S.C. § 1112(b)(2). Therefore, the relief requested in this motion should be granted, and Debtor's bankruptcy case should be dismissed.

**The relief requested in this motion should not be qualified by the forms of relief that may otherwise be available under 11 U.S.C. § 1104(a).**

47.   The Acting United States Trustee respectfully submits that neither the appointment of an examiner or a chapter 11 trustee is an appropriate alternative remedy to the relief requested in this motion.

48.  First, the appointment of an examiner would be an inadequate remedy because either Debtor cannot be in bankruptcy at all, or it cannot appear *pro se*.  An examiner is not considered to be the representative of the bankruptcy estate.  *See W.R. Grace & Co. v. Sealed Air Corp. (In*

Page -12-

1  *re W.R. Grace & Co.)*, 285 B.R. 148, 156 (Bankr. D. Del. 2002) (stating, "Obviously an

2  examiner does not displace the debtor in possession, and an examiner is not the representative of

3  the estate under the Code.").

4      49.  Second, it is not clear what resources are available to fund the administrative

5  expenses of an examiner.  Under section 1107(a) of the Code, Debtor as debtor in possession is

6  not entitled to be compensated under section 330 of the Code for performing its fiduciary duties

7  as debtor in possession.  Debtor's bankruptcy estate should not be burdened with additional

8  administrative expenses associated with the appointment of an examiner due to Debtor's failure

9  to discharge duties assigned to it by both the Code and Federal Rules of Bankruptcy Procedure.

10      50.  Because of the administrative expenses that would have to be shouldered, ultimately,

11  by Debtor's creditors, as well as the fact that an examiner does not serve as representative of a

12  bankruptcy estate, the Acting United States Trustee respectfully submits that appointment of an

13  examiner is not an adequate alternative remedy that is in the best interests of Debtor's creditor

14  and Debtor's bankruptcy estate.

15      51.  Similarly, appointment of a chapter 11 trustee under 11 U.S.C. § 1104(a) is also not

16  in the best interests of Debtor's creditors and Debtor's bankruptcy estate.  The Acting United

17  States Trustee respectfully submits that, based upon the present state of the record before the

18  Bankruptcy Court, there does not appear to be sufficient evidence to suggest that Debtor's

19  reorganization under chapter 11 is feasible.  11 U.S.C. § 1129(a)(11).  Therefore, based upon the

20  present state of the record, appointment of a chapter 11 case trustee in Debtor's case does not

21  appear to be an appropriate remedy.

22      52.  Conversion of Debtor's bankruptcy case to chapter 7 does not appear to be an

23  optimal remedy, either, because it is unclear what assets exist for a Chapter 7 trustee to

24  administer, Debtor holds a number of promissory notes but it is not clear that the notes generate

25  periodic payments, that the underlying collateral can be foreclosed upon, or that there are not

26  senior claimants to the underlying collateral.  [*See* Docket No. 1]

27      53.  For the reasons recited above, dismissal of Debtor's bankruptcy case is the most

28  appropriate of the remedies available under 11 U.S.C. § 1112(b)(1).  Therefore, the relief

requested in this motion should be granted, and Debtor's bankruptcy case should be dismissed.

**WHEREFORE**, the Acting United States Trustee  respectfully requests that the Court enter an order (a) granting this motion, (b) dismissing Debtor's bankruptcy case, and ( c) such other and further relief as the Court deems just under the circumstances.

Dated:  July 22, 2011

Respectfully submitted,

**AUGUST B. LANDIS**
**ACTING UNITED STATES TRUSTEE**
**REGION 17**

By: _/s/ Edward M. McDonald Jr._
Edward M. McDonald Jr., Esq.
United States Department of Justice
Attorney for the Acting United States Trustee

# EXHIBIT A

# PROPOSED FORM OF ORDER

EDWARD M. MCDONALD JR., Attorney
State Bar # NY 4126009
*edward.m.mcdonald@usdoj.gov*
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600 Attorney Ext. 234
Facsimile:  (702) 388-6658

**Attorney for the Acting United States Trustee**
      AUGUST B. LANDIS

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>**KATN LIVING TRUST,**<br><br><br><br><br><br>                  Debtor. | CASE NOS: BK-**S-11-19669-MKN**<br><br>Chapter 11<br><br>Date: August 24, 2011<br>Time: 9:30 a.m. (PT)<br>Place:  Foley Courtroom 2 (third floor) |

## ORDER DISMISSING CASE

      Based on the *The Acting United States Trustee's Motion To Dismiss Debtor's Bankruptcy Case Pursuant To 11 U.S.C. § 1112 (b)*, the hearing held on August 24, 2011 (appearances noted on the record), the Court having stated on the record its findings of fact and conclusions of law, which are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014( c ) and

7052, and Federal Rule of Civil Procedure 52, with good cause having been shown,

**IT IS HEREBY ORDERED** that this case is **DISMISSED**.

Submitted by:

**AUGUST B. LANDIS**
**ACTING UNITED STATES TRUSTEE**
**REGION 17**

By: _/s/ Edward M. McDonald Jr._
    Edward M. McDonald Jr., Esq.
    United States Department of Justice
    Attorney for the Acting United States Trustee

## RULE 9021 DECLARATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the Court's ruling and that:

☐ The court has waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

| APPROVE / DISAPPROVE | |
|---|---|
| _____ Alan David Tikal c/o KATN Living Trust P.O. Box 80275 Las Vegas, NV 89180 Representative of KATN Living Trust | |

☐ I certify that this is a case under Chapter 7 or 13, that I served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

I declare under penalty of perjury that the foregoing is true and correct.

**AUGUST B. LANDIS**
**ACTING UNITED STATES TRUSTEE**
**REGION 17**

By:  _/s/ Edward M. McDonald Jr._
    Edward M. McDonald Jr., Esq.
    United States Department of Justice
    Attorney for the Acting United States Trustee

Page -3-

## File a Motion:

11-19669-mkn KATN LIVING TRUST

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 2 (Las Vegas) |
| Assets: n | Judge: mkn | Case Flag: BAPCPA |

### U.S. Bankruptcy Court

### District of Nevada

Notice of Electronic Filing

The following transaction was received from EDWARD M. MCDONALD entered on 7/22/2011 at 7:08 PM PDT and filed on 7/22/2011

**Case Name:**         KATN LIVING TRUST
**Case Number:**      11-19669-mkn
**Document Number:** 22

**Docket Text:**
Motion to Dismiss Case with Proposed Order Filed by EDWARD M. MCDONALD on behalf of U.S. TRUSTEE - LV - 11 (MCDONALD, EDWARD)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**\\UST17LVSVR01\Las Vegas\Litigation\Cases\KATNlivingTrust\MtD\MtD.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=989277954 [Date=7/22/2011] [FileNumber=20058226-0
] [1e0f87daa6ffe75804b86bfe0211cf35942cda0b9cf8d34662b3fc6362ad95a6397
49f97fd093b36906e5e6e18e401e6b70ed4fde2947d3b8d486e95a06f651a]]

**11-19669-mkn Notice will be electronically mailed to:**

JEREMY T BERGSTROM on behalf of Creditor THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-17, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-17
mbergstrom@mileslegal.com

MICHAEL R. BROOKS on behalf of Creditor U.S. Bank National Association as Trustee for the BAFC 2006-7
jsallade@brooksbauer.com

MICHAEL W. CHEN on behalf of Creditor JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
yvette@ccfirm.com;mrosales@ccfirm.com;tsharpe@ccfirm.com

CHRISTOPHER M. HUNTER on behalf of Creditor BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP, its assignees and/or successors
bknotice@mccarthyholthus.com, chunter@mccarthyholthus.com;nvbkcourt@mccarthyholthus.com

EDWARD M. MCDONALD on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11
edward.m.mcdonald@usdoj.gov

SHERRY A. MOORE on behalf of Creditor BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP, its assignees and/or successors
BKNOTICE@MCCARTHYHOLTHUS.COM, NVBKCOURT@MCCARTHYHOLTHUS.COM

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

ACE C VAN PATTEN on behalf of Creditor AURORA LOAN SERVICES LLC
avanpatten@piteduncan.com, ecfnvb@piteduncan.com

GREGORY L. WILDE on behalf of Creditor WELLS FARGO BANK, N.A.
bk@wildelaw.com

**11-19669-mkn Notice will not be electronically mailed to:**

KATN LIVING TRUST
P.O. BOX 80275
LAS VEGAS, NV 89180

CHARLES L. KENNON on behalf of Creditor JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
820 SOUTH VALLEY VIEW BLVD.
LAS VEGAS, NV 89107